JOURNAL ENTRY AND OPINION
Michael Krall appeals from a judgment of the common pleas court entered pursuant to a bench trial finding him guilty of tampering with evidence and discharging firearms and sentencing him to two years of community control. On appeal, he contends that the state presented insufficient evidence to support his conviction for tampering with evidence and that his conviction is against the manifest weight of the evidence. After a careful review, we reject these contentions and affirm the judgment of the trial court.
The facts of this case reveal that on January 19, 2000, around 1:30 a.m., Krall, an off-duty Cleveland police officer, had an argument with his girlfriend, Carla Matovich, in his home located at Oak Park Road in Cleveland. Matovich ran out of the house, and Krall followed her into the front yard and attempted to hug her. When she pushed him away, he pulled his service weapon from the waistband of his pants and fired one shot into the ground near where she stood.
After the shot went off, Krall returned to his house and reloaded his weapon, using the spare rounds he kept in a glass bowl. He then got into his car and picked up Matovich, who was walking home. In the meantime, the police arrived to investigate a report of a domestic matter possibly involving a gunshot, and they began to follow Krall. When Krall pulled his vehicle to the curb, Sergeant Knowles, who had previously supervised Krall, questioned him in connection with the domestic investigation.
Krall told Knowles at that time that he had not discharged his service weapon and offered his fully loaded weapon to Knowles for examination. Knowles then took Krall to Matovich's house to continue the investigation, and, upon arrival, Sergeant Felice informed him that he found a hole in the ground in front of Krall's residence and also recovered a shell casing in the vicinity. After interviewing Matovich, Knowles again questioned Krall, who then admitted to having accidentally discharged and later reloaded his weapon.
During the investigation of this incident, Krall approached his upstairs neighbor who had witnessed the incident and told her, if questioned about the incident, to state that his gun went off accidentally.
On August 9, 2000, a grand jury indicted Krall for intimidation, tampering with evidence and discharging firearms.
During the ensuing bench trial, Knowles testified as follows:
 Q. Go on with the conversation between yourself and Officer Krall?
 A. Officer Krall stated that he had been in an argument with his girlfriend and that he had thrown his keys against the side of his house, stating that probably made a loud noise, and then he stated that he had not fired his gun, and actually began to drop his hand towards it, and then stopped and said Officer Krall always struck me as being fairly affable, stopped, brought his hands up, says, under the circumstances, Sarge, you would probably be more comfortable if you check it yourself.
 He turned around, told me his service weapon was in the pancake holster in the small of his back.
Q. What did you do?
 A. I retrieved the weapon from exactly where he said it was, popped the clip out of it, examined it, and there is the window on the clip, and he showed me there was 15 rounds in the clip, was loaded.
 I then checked the chamber, saw there was one in the chamber. I ejected that round, locked the slide back. I did not smell any gun powder residue from the gun.
 Looking into the gun, I could see some lead tracings. Officer Krall stated one or two weeks earlier he fired several clips off a stone wall and apologized for not having presented me a clean handgun, but stated he did not fire it, and I did not smell anything.
(Tr. 80-81.) Knowles further testified that, when he questioned Krall again after his interview with Matovich and receipt of a report about the a hole in the ground and a recovered shell casing, the following exchange occurred between Krall and him:
 I then asked him, you told me, you know, you told me you had not fired, you handed me a loaded gun, did you reload it, and at that point he was becoming a little more emotional, simply nodded his head yes. (Tr. 86.)
Krall testified on his own behalf stating that after pulling his service weapon out, he first put it to his head, then pointed it to the ground, and, when he clenched his fist, he noticed the weapon go off. He also testified that, when he returned to his house and regained his composure, he instinctively reloaded his weapon according to his training in the police academy. He denied he reloaded the weapon to impair its value as evidence.
The court found Krall not guilty of intimidation, but guilty of tampering with evidence and discharging firearms and sentenced him to two years of community control.
Krall now appeals and raises two assignments of error concerning his conviction of tampering with evidence, which we review together. They state:
 I. THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL FOR THE PROSECUTION FAILED TO ESTABLISH ITS CASE BEYOND A REASONABLE DOUBT.
Krall contends that the state did not present sufficient evidence to prove that he tampered with evidence by reloading his weapon because he claims no evidence existed to establish two essential elements of the crime: that he knew an investigation against him was either in progress or was about to or likely to be instituted; and that he reloaded his weapon with the purpose of impairing the value or availability of the weapon as evidence. He also maintains that his conviction for tampering with evidence is against the manifest weight of the evidence. The state maintains that it had presented sufficient evidence to establish Krall's guilt of tampering with evidence and that his conviction is not against the manifest weight of the evidence.
The issues presented for review then concern whether sufficient evidence exists to support Krall's conviction for tampering with evidence and whether his conviction is against the manifest weight of the evidence.
Regarding the claim of insufficient evidence, Crim.R. 29(A) states, in relevant part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
The test for sufficiency raises a question of law to be decided by the court before the jury may receive and consider the claimed offense. In State v. Martin (1983), 20 Ohio App.3d 172, 174, 485 N.E.2d 717, 720, the court summarized the standard of review for an insufficiency claim:
 * * * [T]he test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. (Citations omitted.)
R.C. 2921.12 provides, in relevant part:
 (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation.
* * *
In this case, the state assumed the burden to prove that, when Krall reloaded his weapon, he either knew an investigation was in progress or knew one was about to or likely to be instituted and, with that knowledge, he altered, destroyed, concealed, or removed a thing to impair its availability as evidence. Our review of the record shows that a trier of fact could have reasonably drawn the inference that, as a police officer, Krall knew or should have known, when he reloaded his weapon, that an investigation would likely be instituted to review his conduct in connection with the shooting incident.
Further, the record reveals that when initially questioned by Sergeant Knowles, Krall claimed that he did not discharge his weapon, specifically offering his fully loaded weapon as a proof of that claim; and he admitted to having discharged and reloaded his weapon only after being confronted by Sergeant Knowles who had received a report about the recovery of a spent shell casing as a result of the investigation regarding the course of events that evening. From this evidence, a trier of fact could have found that Krall reloaded his weapon with the purpose to impair its value as evidence.
Thus, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of tampering with evidence beyond a reasonable doubt. Accordingly, Krall's claim that insufficient evidence existed for his conviction of tampering with evidence is not well-taken and we overrule that assignment of error.
Only after the court resolves the question concerning the sufficiency of the evidence can it proceed to review whether the judgment is against the manifest weight of the evidence. This involves a different test. In State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547, the court, quoting State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717, reiterated the standard of review for a manifest weight claim:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Here, Krall testified that he reloaded his weapon instinctively, without an intent to hinder any proceeding or investigation. The state, on the other hand, offered Sergeant Knowles' testimony to show that Krall initially denied his gun had discharged and offered as proof his fully reloaded weapon. Thus, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we cannot conclude that the fact finder in the instant case clearly lost its way and created such a manifest miscarriage of justice that Krall's conviction of tampering with evidence must be reversed. This case most definitely does not fall into the category of the exceptional case in which the evidence weighs heavily against the conviction. State v. Thompkins, supra, 78 Ohio St.3d at 387, 678 N.E.2d at 547.
On the basis of the foregoing, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.